LAW OFFICES OF THOMAS PAUL PIER
Thomas Paul Pier (CA Bar No. 235740)
836 Bay St.
San Francisco, CA  94109
Telephone:  (415) 770-8207
Facsimile:  (415) 434-9200
E-mail:  thomaspaulpier@gmail.com

*Attorneys for Defendant*

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

450 Golden Gate Ave., San Francisco, CA
The Hon. Magistrate Judge Alex G. Tse presiding.

| | |
|---|---|
| ROBERT TAULER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> *v.* <br><br> Efex AI, dba STANDARD WORKS, a Delaware corporation; and does 1 to 10 inclusive, <br><br> Defendant. | Case No.:  3:26-cv-04848 TSE <br><br> **MOTION TO DISMISS FOR LACK OF JURISDICTION UNDER UNDER F.R.C.P 12(b)(1) AND FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6).** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF INCLUDED HEREIN.** |

MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

1

Efex AI, dba Standard Works (herein "Efex" or "Defendant") moves this Court to dismiss Robert Tauler *et al.* (herein "Tauler" or "Plaintiff")'s Complaint with prejudice as follows:

## INTRODUCTION

In his boilerplate complaint, Plaintiff Robert Tauler alleges that he was damaged by receipt of a *single* email from Defendant Afex. Plaintiff does not plead any actual damages and therefore attempts to rely on California Business & Professions Code 17925.5 for statutory relief (of $1000). He further attempts to burden this Court by "bootstrapping" an undefined, un-pled and purely speculative "class" in Federal Court of "damages exceeding $5 million" in an apparent attempt to meet jurisdictional requirements under the Federal Class Action Fairness Act and to gain entry to this Court and to intimidate Defendant into settling this matter.

This is a classic "shakedown" lawsuit that has no basis in law nor jurisprudence. It apparently seeks to extract a "quick and easy" settlement from Defendant, as Plaintiff has done to various would-be defendants in the past.

The complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

1.  Defendant Efex is an entity incorporated in the State of Delaware. Defendant is a pre-revenue business that is developing information technology services in the hope that it will ultimately provide legal firms and others with the analysis of large legal

MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

discovery productions (*e.g.*, millions of documents) as well as other services. Defendant has one employee, that being its founder.

2.   Plaintiff Tauler is a licensed attorney in the State of California.  Defendant is informed and believes that Mr. Tauler is a founding partner of Tauler Smith LLP where he is currently engaged in the practice of law (see https://taulersmith.com/team/robert-tauler).

3.   Defendant is informed and believes that on March 16, 2023, a jury in the Federal District Court of Southern California found Tauler Smith LLP  liable for violation the Racketeer Influenced and Corrupt Organizations (RICO) violations for sending mass mailings asking would-be defendants for settlements of up to $14,000 for alleged illegal distribution of "male enhancement" products.  *See:  IN RE OUTLAW LABORATORIES, LP LITIGATION* 3:18-cv-00840-GPC-BGS (Document 444).

4.   In a letter dated May 21, 2026[1] counsel for Tauler sent to Efex a boilerplate letter with the subject line "Re:  *Robert Tauler v.. Efex AI, dba Standard Works et al.*".  In the letter, counsel for Tauler alleged that Efex had committed a violation of Cal. Bus. & Prof Doc Sec.17529.5 for "sending unsolicited commercial email" to Plaintiff.  The letter, sent prior to service of complaint stated "[w]e are writing to invite a discussion with Efex [...] to determine whether litigation can be avoided."

---

[1]It is unclear if was sent via "CERTIFIED MAIL" and/or "VIA-EMAIL" and on which date and to where.  Defendant denies that he received any letter by certified mail.

MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

5.   Plaintiff's letter gave Defendant Efex the false impression that a lawsuit had been filed against the entity.

6.   After May 21, 2026, counsel for Defendant sent a letter (via email) to counsel for Plaintiff declining to settle the matter.

7.   On June 3, 2026 Defendant received, through its agent, notice of service of process of this suit.

## ARGUMENT

### 1.   Motion to dismiss under F.R.C.P. 12(b)(1).

The Court may order dismissal of an action if it fails to meet the jurisdictional standard set forth under 12(b)1. Plaintiff's claims arise solely under State law and do not present a Federal question. A federal issue must be "necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  As the Supreme Court ruled in *Bell v. Hood,* when a complaint invokes Federal law, jurisdiction may be denied if the alleged federal claim is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous."  *Bell v. Hood*, 327 U.S. 678 (1946).

Plaintiff generically and without any specificity claim Federal jurisdiction under the Class Action Fairness Act ("CAFA").   To meet the jurisdictional standard under CAFA, a plaintiff must meet *each* of the following three elements:

MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

4

1. <u>Minimal Diversity</u> *requires* that at least one plaintiff class member must be a citizen of a different state than at least one defendant. *Here*, Plaintiff and Defendant are citizens of the same State (California) and Plaintiff has not pled nor identified nor alleged *any* plaintiff from a diverse state;

2. <u>Class Size</u>, *requires* that the proposed class must have at least 100 members in the aggregate. Again, Plaintiff cannot and has not pled nor identified *any* other proposed members of the punitive class;

3. <u>Amount in Controversy,</u> *requires* that the total value of all class members' claims, cumulatively must exceed $5,000,000. Here, it is <u>impossible for Plaintiffs to meet this standard</u> in an action brought under CA Bus. & Professional Code Sec. 17529.5 which *limits* damages to $1,000,000 per incident. *See* 17529.5 sec.(b)(1)(B) (ii). <u>This alone is dispositive of this matter.</u>

In sum, Plaintiff has failed to meet *any* of the three jurisdictional requirements of CAFA. Accordingly, the Court should grant Defendant's 12(b)(1) Motion to dismiss.

**2, Motion to dismiss under F.R.C.P. 12(b)(6)**

In *Twombly v. Bell Atlantic* 550 U.S. 544 (2007) the Supreme Court held that a complaint must contain enough factual matter to nudge a claim "across the line from conceivable to plausible". This standard was later refined by *Ashcroft v. Iqbal,*, 556 U.S. 662 (2009) which suggested a two-step approach that a Court must 1) identify nonconclusory facts and then 2) ask whether those facts *plausibly* suggest entitlement to relief.

MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

Here, Plaintiff offers no *conceivable* let alone *plausible* allegations. Based on a *single* email, Plaintiff suggests (without any specific facts) that other unidentified parties in other unidentified States suffered additional unidentified harm and that such parties also meet the specific standards to claim relief as set forth in CA Business & Prof. Code Sec. 17529.5.

Plaintiff, in his boilerplate Complaint, attempts to contort CA Business & Prof. Code Sec. 17529.5 to suggest that Defendant's use of "RE" in the subject matter line "falsely impl[ied] the existence of prior communication or an existing relationship" and was thus "materially false and deceptive… and [was] *likely* to mislead a recipient acting *reasonably* about a material content or subject matter of message." (Complaint at p 7. lines 1-3). [23] Plaintiff erringly relies upon *Balsom v. Trancos, Inc.,* 203 Cal.App.4[th] 1083 which found that a mass-marketer of e-mail was "not readily identifiable." Here, Defendant clearly stated his name and reply email address (see Complaint, p. 5). Of much greater relevance against Plaintiff's claim, is *Rosolaski,* which states "Plaintiffs' theory is that the emails are actionable because liability under section 17529.5, subdivision (a)(3), turns upon whether the emails' subject lines are misleading, not whether the emails are misleading in their entirety. The argument is

---

[2] The Court may consider that the Plaintiff, who purports to be a graduate of Harvard Law School and the founder of Tauler Smith LLP, now claims to have been "misled" by the use of "RE:" in an email subject line.

[3] Tellingly, Plaintiffs initial "demand" or "offer to settle" letter to Defendant (which was sent prior to service of this lawsuit), used the subject line "*Re: Robert Tauler v. Efex AI, Inc.*" to falsely imply that Plaintiff had initiated a lawsuit against Defendant. Plaintiff's emails was in accordance with Plaintiff' prior legal and business practices of mass-mailing prospective Defendants.

MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

unpersuasive." See *Rosolowski v. Guthy-Renker LLC*, 230 Cal. App. 4th 1403, 179 Cal. Rptr. 3d 558 (Cal. Ct. App. 2014).

Tellingly, Plaintiffs initial "demand" or "offer to settle" letter to Defendant (which was sent prior to service of this lawsuit), used the subject line "*Re: Robert Tauler v. Efex AI, Inc.*" to falsely imply that Plaintiff had initiated a lawsuit against Defendant. Plaintiff's emails was in accordance with Plaintiff' prior legal and business practices of mass-mailing prospective Defendants.

The law is clear: 1) *Twombly* and *Iqbal* require a Plaintiff to offer more than unsubstantiated, unsupported, undefined, and blanket allegations in to survive a motion to dismiss under Rule 12(b)(6); 2) *Rosolowski* requires a full reading of the email, and not just the subject line, to meet the standards of Sec. 17529.5.

### CONCLUSION AND PRAYER FOR RELIEF

As Justice Thurgood Marshall famously wrote, "the short, though regular, journey from mail box to trash can" is "an acceptable burden, at least so far as the Constitution is concerned." *Bolger v. Youngs Drug Products Corp*, 463 U.S. 60 (1983). While perhaps not legally on-point here, it seems to address the difficulties that Plaintiff must have experienced when attempting to click "delete" upon receipt of Defendant's email. Rather than doing so, Plaintiff opted to burden this Court with a proposed $5,000,000 and baseless class action lawsuit against Defendant.

MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

Wherefore, and in accordance with the foregoing, Defendant requests relief as follows:

a. That the Complaint should be dismissed with prejudice under FRCP 12(b)(1) and/or FRCP 12(b)(6).

b. That, upon dismissal of the case, (should the Court decide to do so), the Court entertain a future Motion for Defendant's Attorney Fees and Costs.

DATED:  June 25, 2026

Respectfully submitted,


/s/  *Thomas Paul Pier*
THOMAS PAUL PIER
Law Offices of Thomas Paul Pier

*Attorney for Defendant*

MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

8