**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail:  kevin@kjclawgroup.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TAULER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>EFEX AI, INC. dba STANDARD WORKS, a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>       Defendants. | Case No. 3:26-cv-04848-EMC<br><br>*Assigned to Hon. Edward M. Chen*<br><br>**PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS**<br><br>Date:  To be re-noticed by Plaintiff<br>Time: To be re-noticed by Plaintiff<br><br>Complaint Filed:  May 21, 2026<br>Trial Date:  Not Set |

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................3

I. INTRODUCTION ..........................................................................................................4

II. LEGAL STANDARD ....................................................................................................5

III. ARGUMENT ..............................................................................................................6

    A. The Complaint Easily Satisfies Rules 12(b)(1) and 12(b)(6)...............................6

    B. California Courts Construe Section 17529.5 Broadly to Prohibit Materially Deceptive Commercial Emails, and Plaintiff's Complaint Falls Squarely Within That Authority ..................................................................................7

    C. Even If the Court Identifies Any Pleading Deficiency, Leave to Amend Should Be Freely Granted ......................................................................................10

IV. CONCLUSION............................................................................................................11

CERTIFICATE OF SERVICE ..........................................................................................12

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

## **TABLE OF AUTHORITIES**

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...................................................................................5

*Asis Internet Services v. Subscriberbase Inc.*, No. 09-3503-SC, 2010 WL 1267763
(N.D. Cal. Apr. 1, 2010) ....................................................................................................8

*Balsam v. Trancos, Inc.*, 203 Cal.App.4th 1083 (2012) ...................................................8, 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).......................................................5, 6

*Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115 (9th Cir. 2010)......................5

*Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal.App.4th 805 (2011) ..............................7, 10

*Kleffman v. Vonage Holdings Corp.*, 49 Cal.4th 334 (2010) ...............................................7

*Rosolowski v. Guthy-Renker LLC*, 230 Cal.App.4th 1403 (2014) .......................................9

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) .........................................5

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) .....................................................................5

*Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730 (9th Cir. 1979).............................5, 6

*Warth v. Seldin*, 422 U.S. 490 (1975)..................................................................................5

Statutes

28 U.S.C. § 1332(c)(1)..........................................................................................................6

Other Authorities

Cal. Bus. & Prof. Code § 17529.5(a)(3) ...............................................................................9

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

## I.    <u>INTRODUCTION</u>

Defendant's motion largely ignores the governing Rule 12 standards and instead asks the Court to resolve factual disputes, draw inferences in Defendant's favor, and consider inflammatory allegations having nothing to do with the sufficiency of Plaintiff's Complaint. The Complaint alleges a straightforward violation of California Business and Professions Code section 17529.5(a)(3). Defendant sent Plaintiff, an attorney practicing in California, an unsolicited commercial advertisement bearing the subject line, "*Re: Haviland v. Alen Corporation,*" as shown below:

From: Nicholas Alioto-Pier <nicholas@standardworks.us>
Date: May 20, 2026 at 10:31:21 PM GMT+2
To: rtauler@taulersmith.com
Subject: Re: Haviland v. Alen Corporation

Robert,

I saw your filing against Alen Corporation. A handful of emails between Alen's marketing team and their data broker integration specialists may decide this, buried in 100,000s of website analytics and SDK configuration pages. Slow manual review stalls case strategy, balloons budgets, and still misses hot documents. TAR pattern-matches your seed set, so an outlier email showing knowing installation of non-compliant tracking code could stay buried.

We've developed an AI-driven eDiscovery product. It prioritizes each file against your legal strategy. We want to analyze your initial 25,000 pages at no cost. You'll receive the top-ranked documents in under a day. Interested?

Talk soon,
Nicholas

PS: to cease getting messages, respondto us with "unsubscribe"
San Francisco, 43 Dore St.

*See* Compl., ¶ 26.

That subject line was intentionally crafted to appear to be a litigation-related communication regarding an actual lawsuit. It was not. Instead, the email was nothing more than an advertisement attempting to sell Defendant's AI-powered e-discovery services. *Id.,* ¶ 28. California's anti-spam statute exists precisely to prohibit this type of deceptive practice. The statute focuses on whether the subject line is likely to mislead a reasonable recipient regarding a material fact about the content or subject matter of the email. Plaintiff alleges exactly that. The Complaint therefore easily satisfies Rule 8, Rule 12(b)(6), and the pleading requirements established in *Twombly* and *Iqbal*.

Defendant's Rule 12(b)(1) arguments fare no better. The Complaint expressly alleges jurisdiction under the Class Action Fairness Act ("CAFA"), including minimal diversity, more than one hundred proposed class members, and an amount in controversy

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

exceeding $5 million. At the pleading stage, those allegations are accepted as true. The motion should therefore be denied in its entirety.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint need only allege sufficient factual matter to state a claim that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim on which relief can be granted, a plaintiff's complaint must include alleged facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). This standard means "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* (citing *Twombly*, 550 U.S. at 556), or provides sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of" the defendant's wrongdoing. *Twombly*, 550 U.S. at 556. "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678.

Similarly, under Rule 12(b)(1), a party may move to dismiss a claim based on lack of subject matter jurisdiction, including the absence of standing. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1123 (9th Cir. 2010). A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Defendant's Motion to Dismiss is facial, positing the allegations in the Complaint itself are insufficient to invoke federal jurisdiction under CAFA. *See id.* at 1039. As a result, the presumption of truthfulness attaches to the allegations in the Complaint, and the Court is limited to the four corners of the pleading in determining whether it has jurisdiction over the matter. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979). To survive a Rule 12(b)(1) facial challenge, "the plaintiff must 'clearly . . . allege facts demonstrating' each element [of standing]." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

Here, Plaintiff's Complaint more than satisfies these minimal pleading requirements.

### III.   **ARGUMENT**

#### A.   **The Complaint Easily Satisfies Rules 12(b)(1) and 12(b)(6)**

Defendant's motion largely ignores the standards governing dismissal under Rules 12(b)(1) and 12(b)(6). Rather than accepting Plaintiff's allegations as true, Defendant repeatedly asks the Court to credit Defendant's competing factual assertions regarding its intent, Plaintiff's litigation history, Defendant's financial condition, settlement discussions (which are supposed to be protected under Rule 408), and the merits of Plaintiff's claims. None of those matters is properly before the Court on a motion to dismiss. At this stage, the Court's task is limited. The Court must accept all well-pleaded factual allegations as true, construe those allegations in Plaintiff's favor, and determine only whether the Complaint states a plausible claim for relief. *Twombly*, 550 U.S. at 570.

The same is true of Defendant's jurisdictional challenge. Plaintiff invokes jurisdiction under CAFA, alleging that (i) the total matter in controversy exceeds $5,000,000, (ii) there are over 100 members of the proposed class, and (iii) at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state. Compl., ¶ 14. Those allegations must likewise be accepted as true at the pleading stage. *Thornhill Publ'g Co.*, 594 F.2d at 733. Defendant's argument that Plaintiff has somehow failed to prove the eventual size of the class or the ultimate amount in controversy improperly conflates pleading requirements with proof.

Moreover, Defendant's jurisdictional analysis is legally incorrect. Defendant asserts that minimal diversity is lacking because both Plaintiff and Defendant are California citizens. The Complaint, however, expressly alleges that Defendant is a Delaware corporation. Compl., ¶ 22. A corporation is a citizen both of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant therefore is at least a citizen of Delaware, satisfying CAFA's minimal-diversity requirement. Defendant

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

similarly misreads California Business and Professions Code section 17529.5 by asserting that statutory damages are somehow capped at $1 million. The statute contains no such limitation; rather, it authorizes liquidated damages of $1,000 for *each* unlawful commercial email. Accepting Plaintiff's allegations that Defendant disseminated substantially similar emails to numerous California recipients, the Complaint adequately alleges CAFA jurisdiction.

**B.      California Courts Construe Section 17529.5 Broadly to Prohibit Materially Deceptive Commercial Emails, and Plaintiff's Complaint Falls Squarely Within That Authority**

Defendant's motion fundamentally misunderstands California's anti-spam statute and the decisions interpreting it. California courts have consistently recognized that section 17529.5 is a consumer-protection statute intended to eliminate deceptive commercial email practices, and have interpreted the statute broadly to accomplish that purpose.

For example, in *Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal.App.4th 805 (2011), the Court of Appeal further emphasized the Legislature's broad remedial purpose when holding the plaintiff's state-law claims were not preempted by CAN-SPAM. In that case, the plaintiff brought claims under Section 17529.5 based on, among other things, emails with subject lines that contained statements about false promotional offers or gifts. *Hypertouch*, 192 Cal.App.4th at 815–16. *Hypertouch* also recognized that the Legislature authorized statutory damages precisely because recipients should not be required to prove reliance or actual damages in order to enforce the statute. *Id.* at 819; *see also Asis Internet Services v. Subscriberbase Inc.*, No. 09-3503-SC, 2010 WL 1267763 at *13 (N.D. Cal. Apr. 1, 2010) (finding the plaintiff's claims under California state law about misleading subject lines purporting to offer "free gifts" could be inherently deceptive and therefore were not preempted by CAN-SPAM; the court found that as long as plaintiffs can establish that defendants were responsible for making knowing and material misrepresentations based on "falsity or deception," their claim is not preempted under CAN-SPAM).

Finally, in *Balsam v. Trancos, Inc.*, 203 Cal.App.4th 1083 (2012), the Court of

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

Appeal rejected the argument that California's anti-spam statute is preempted by the federal CAN-SPAM Act, explaining that California regulates only materially deceptive commercial emails. In doing so, the court expressly recognized that section 17529.5 targets commercial emails involving "falsity or deception," thereby falling squarely within Congress's savings clause preserving state-law claims based upon fraud or deception. *Id.* at 1102–03. *Balsam* thus confirms that California's statute is directed at deceptive commercial practices, and should be construed accordingly.

Plaintiff's allegations fall comfortably within this line of authority. Plaintiff alleges that Defendant sent an unsolicited commercial advertisement bearing the subject line "*Re: Haviland v. Alen Corporation*" to lead counsel for pending litigation with the same case title. Compl., ¶ 26. The Complaint alleges that Defendant intentionally selected the title of an actual lawsuit and prefaced it with the universally understood "Re:" convention in order to create the false impression that the email constituted an existing litigation-related communication. *Id.*, ¶ 27. According to the Complaint, Plaintiff reasonably believed the email concerned pending legal work requiring professional attention. *Id.*, ¶ 28 ("Given Mr. Tauler's profession as a practicing attorney and the case-specific nature of the subject line, the email reasonably appears to concern one of his pending litigations. Indeed, when Mr. Tauler received Defendant's e-mail, he reasonably believed it concerned an actual litigation-related communication regarding *Haviland v. Alen Corporation*."). Instead, after Plaintiff opened the email, Defendant revealed that the communication was nothing more than a solicitation for its AI-powered litigation software. *Id.*

That alleged deception concerns precisely the "contents or subject matter" of the email. Cal. Bus. & Prof. Code § 17529.5(a)(3). A reasonable attorney receiving an email entitled "*Re: Haviland v. Alen Corporation*" could readily believe the communication pertains to litigation bearing the same name. But here, the email did not. And accepting those allegations as true, as Rule 12 requires, the Complaint states a straightforward claim under section 17529.5.

Defendant attempts to distinguish *Balsam* by arguing that it involved misleading

8

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

header information rather than misleading subject lines. That argument ignores the statutory text. Section 17529.5 separately prohibits commercial emails containing subject lines likely to mislead a reasonable recipient concerning a material fact about the contents or subject matter of the message. *See* Cal. Bus. & Prof. Code § 17529.5(a)(3) ("The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message."). The Legislature plainly regarded deceptive subject lines as independently actionable. Nothing in *Balsam* suggests otherwise. Indeed, *Balsam's* reasoning—that California's statute regulates material deception—applies with equal force here. *Balsam*, 203 Cal.App.4th at 1102–03.

Nor does *Rosolowski v. Guthy-Renker LLC*, 230 Cal.App.4th 1403 (2014), compel dismissal. *Rosolowski* addressed promotional subject lines that accurately reflected the substance of the promotional offers described in the body of the emails. The Court concluded that, when read in context, those subject lines would not mislead a reasonable consumer regarding the subject matter of the communications. *Rosolowski*, 230 Cal.App.4th at 1417. This case presents the opposite circumstance. Plaintiff alleges that Defendant falsely invoked an actual lawsuit and implied an ongoing attorney-to-attorney communication in order to induce recipients to open a commercial solicitation. Unlike *Rosolowski*, the body of the email does not dispel the misleading impression created by the subject line—it confirms it. After enticing Plaintiff to open what appeared to be litigation correspondence, Defendant immediately pivots into an advertisement for its commercial services. Far from curing the deception, the body of the email exposes the deception alleged in the Complaint.

Finally, Defendant repeatedly argues that Plaintiff suffered no actual damages. That contention ignores both the statutory text and California precedent. Section 17529.5 expressly authorizes statutory damages without requiring proof of reliance or actual damages. *Hypertouch* specifically recognized that the Legislature deliberately adopted statutory damages to encourage private enforcement of California's anti-spam law because

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

actual damages from deceptive spam are often difficult to quantify. *Hypertouch*, 192 Cal.App.4th at 819. Plaintiff seeks precisely the statutory remedy authorized by the Legislature.

At bottom, Defendant's motion asks the Court to decide whether a reasonable attorney would actually have been deceived by Defendant's subject line. That inquiry is inherently factual. Plaintiff alleges that he reasonably believed the email concerned actual litigation and that Defendant intentionally exploited that expectation to market its services. Whether other reasonable recipients would reach the same conclusion cannot be resolved on a Rule 12 motion. Accepting Plaintiff's allegations as true, the Complaint plausibly alleges a materially deceptive commercial email in violation of section 17529.5(a)(3).

### C.    Even If the Court Identifies Any Pleading Deficiency, Leave to Amend Should Be Freely Granted

Even assuming the Court concludes that additional factual allegations would be helpful, dismissal with prejudice would be contrary to the liberal amendment policy embodied in Rule 15(a). This action remains at the pleading stage, no discovery has occurred, and Defendant identifies no defect incapable of cure. To the extent the Court determines that Plaintiff should provide additional allegations concerning jurisdiction, the proposed class, or the deceptive nature of Defendant's email campaign, Plaintiff respectfully requests leave to amend.

### IV.    CONCLUSION

Defendant's motion rests almost entirely upon factual disputes, improper attacks on Plaintiff's character, and incorrect interpretations of both CAFA and California's anti-spam statute. The Complaint plausibly alleges that Defendant intentionally sent a commercial solicitation disguised as a litigation-related email through the deceptive use of the subject line "*Re: Haviland v. Alen Corporation.*" Accepting those allegations as true, Plaintiff has more than adequately stated a claim under California Business and Professions Code section 17529.5(a)(3). Defendant's jurisdictional arguments likewise fail because the Complaint sufficiently alleges each element required under CAFA.

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety. Should the Court determine that any aspect of the Complaint requires additional factual allegations, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a), as amendment would not be futile.

DATED: July 8, 2026                          Respectfully Submitted,


                                   **KJC LAW GROUP, A.P.C.**


                          By:    */s/ Kevin J. Cole*
                                   Kevin J. Cole

                                   *Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I certify that on July 8, 2026, I electronically filed the foregoing document(s) with the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED:  July 8, 2026                              **KJC LAW GROUP, A.P.C.**

By:   */s/ Kevin J. Cole*_____
Kevin J. Cole, Esq.

*Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS