LAW OFFICES OF THOMAS PAUL PIER
Thomas Paul Pier (CA Bar No. 235740)
836 Bay St.
San Francisco, CA  94109
Telephone:  (415) 770-8207
Facsimile:  (415) 415-963-3484
E-mail:  thomaspaulpier@gmail.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

450 Golden Gate Ave., San Francisco, CA

| | |
|---|---|
| ROBERT TAULER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>*v.*<br><br>Efex AI, dba STANDARD WORKS, a Delaware corporation; and does 1 to 10 inclusive,<br><br>Defendant. | Case No.: 3:26-cv-04848 EMC<br><br>*Assigned to Hon. Edward M. Chen*<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) & 12(b)(6).**<br><br>**POINTS AND AUTHORITIES IN SUPPORT THEREOF INCLUDED HEREIN.** |

Efex AI, dba Standard Works (herein "Efex" or "Defendant") herein

REPLIES to Plaintiff's Robert Tauler's (herein "Tauler" or "Plaintiff")

DEFENDANT'S REPLY TO  PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

1

Opposition to Defendant's Motion to Dismiss and once again moves this Court to dismiss Plaintiff's Complaint with prejudice as follows:

## INTRODUCTION

To briefly restate Defendant's Motion, Plaintiff brings a boilerplate "shakedown" $5,000,000 suit based on a *single* email received by Plaintiff.  Plaintiff has not alleged *any other* email to support his claim.

Plaintiff attempts to gain jurisdiction to this Court by bootstrapping his State claim under CA Bus. & Professional Code Sec. 17529.5 by invoking the Class Action Fairness Act of 2005, 28 U.S.C.  Sec. 1332(d)(2) ("CAFA") by alleging $5,000,000 in controversy.

Plaintiff's Opposition has not and cannot allege with any specificity standards related to either jurisdictionally under F.R.C.P. 12(b)(1) nor under pleading standards 12(b)(6).

## DEFENDANT'S SUBSTANTIVE REPLY

The above written, in his Opposition, Plaintiff fails to address the core meritorious issues of Defendant's motion to dismiss, *viz*:

A.   JURISDICTION:  F.RC.P. 12(b)(1)

In his opposition, Plaintiff fails to address:

1.   Plaintiff in his Opposition, does not address the threshold jurisdictional issue before this Court:  whether a State claim can be "bootstrapped" via Federal Law (here: CAFA) merely by *alleging* without *any* specificity an amount in controversy "over $5,000,000".

DEFENDANT'S REPLY TO  PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

Plaintiff, in his Opposition, did not respond to nor addresses this issue raised in the Motion to Dismiss.

2. Plaintiff has not addressed in his Opposition to Defendant's Motion to Dismiss that damages under CA Bus. & Professional Code Sec. 17529.5(b)(ii) are limited to $1,000,000 per email, a threshold that precludes a claim to be brought under CAFA.

3. Plaintiff failed to plead with any specify the numerosity element of CAFA, i.e., "100 plaintiffs or more" except to plead so generically.

   B.   FAILURE TO ADEQUATELY STATE A CLAIM.  F.R.C.P. 12(b)(6)

In his opposition, Plaintiff fails to address:

1. Plaintiff's Opposition does not adequately respond to nor address his failure to adhere to the pleading standards set forth in *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 570 (2007) nor that of *Ashcroft v. Iqbal* 556 U.S. 662 (2009).  Both cases afford to the Court to dismiss a case where the Court finds it to be "[un] reasonable" to infer that the Defendant is liable.

   No reasonable inference can be drawn here.  Plaintiff, (on information and belief) founded Tauler Smith Law Firm in 2015 and purports to be a graduate of Harvard Law School.  Nonetheless, he offers only conclusory allegations that he was "misled" by the subject line from a single email subject line beginning with "*Re:*"

2. Plaintiff offers no affidavit nor declaration in support of his position.

3. Plaintiff has not identified any other person(s) nor entities who have or may similarly bring any claim appurtenant for "deceptive" emails.

DEFENDANT'S REPLY TO  PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

C.    PLAINTIFFS CLAIMS OF INFLAMATORY ALLEGATIONS.

1.    Plaintiff, in his Opposition, also offers defenses to "inflammatory allegations" (Opposition at p.4, line 4) and [his] "litgation history" (Opposition at p. 6. line 8) Presumably these statements refer to the fact that March 16, 2023, a jury in the Federal District Court of Southern California found Tauler Smith LLP (on Defendant' information and belief to be founded by Plaintiff) liable for violation(s) of  Racketeer Influence and Corrupt Organizations (for sending mass mailings asking would-be defendants for settlements of up to $14,000 for alleged illegal distribution of "male enhancement" products).  Plaintiff does not deny the findings of the U.S.D.C. Southern California.  Defendant denies that comments are inflammatory and are merely brought to this Court's attention to provide context to this proceeding.

## PRAYER FOR RELIEF

Wherefore, and in accordance with the foregoing, Defendant requests relief as follows:

   a.   That the Complaint should be dismissed with prejudice under FRCP 12(b)(1) and/or FRCP 12(b)(6).

   b.   That, upon dismissal of the case, (should the Court decide to do so), the Court entertain a future Motion for Defendant's Attorney Fees and Costs.

DEFENDANT'S REPLY TO  PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

DATED:  July 15, 2026

Respectfully submitted,


/s/  *Thomas Paul Pier*
THOMAS PAUL PIER
Law Offices of Thomas Paul Pier

*Attorney for Defendant*

DEFENDANT'S REPLY TO  PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

5