United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT TAULER,

          Plaintiff,

    v.

EFEX AI, INC. DBA STANDARD
WORKS,

          Defendants.

Case No. 26-cv-04848-EMC

**ORDER GRANTING MOTION TO
DISMISS**

Docket No. 6

Plaintiff Robert Tauler brings this action against Defendant Efex AI, Inc, d/b/a Standard Works under California Business & Professions Code § 17529.5 over a single alleged spam email. Plaintiff pleads that this Court has jurisdiction under the Class Action Fairness Act of 2005 and 28 U.S.C. § 1332(d)(2). Defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim.

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). "[A] threadbare recitation of the amount in controversy element for subject matter jurisdiction under CAFA is insufficient, without more, to establish the Court's subject matter jurisdiction." *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1062 (C.D. Cal. 2023). Plaintiff, as the proponent of jurisdiction, "has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." *Petkevicius v. NBTY, Inc.*, No. 3:14-cv-

02616-CAB-(RBB), 2017 U.S. Dist. LEXIS 43636, at *14 (S.D. Cal. Mar. 24, 2017); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938) ("It is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged . . . to support the allegation."). "[L]ike a removing defendant, Plaintiff cannot satisfy this burden using 'mere speculation and conjecture, with unreasonable assumptions.'" *Petkevicius*, 2017 U.S. Dist. LEXIS 43636, at *14.

Here, Plaintiff fails to satisfy CAFA jurisdiction.

First, the Complaint pleads that Plaintiff is a citizen of California and Defendant is incorporated in Delaware, with its principal place of business in California. Dkt. No. 1 (Compl.) ¶¶ 16, 22. "A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business." 28 U.S.C. § 1332(c)(1). There is thus no minimal diversity between Plaintiff, a California citizen, and Defendant, a California citizen. *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1301 (9th Cir. 1989). This deficiency alone disposes of jurisdiction.

Second, Plaintiff offers the bare pleading that "there are over 100 members of the proposed class." Compl. ¶ 14. But Plaintiff's complaint alleges only that Defendant sent him a single email. Plaintiff alleges no facts in his complaint that suggest others received the same or a comparable email, nor any facts that give rise to such an inference.

Third, as to amount in controversy, Plaintiff pleads that he elects to receive statutory damages under California's anti-spam statute. *Id.* ¶ 10. This statute caps statutory damages at $1,000 per email and $1,000,000 per incident. Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii). With these statutory caps, it is difficult to see how Plaintiff could satisfy the five-million-dollar amount in controversy requirement, especially given the Complaint alleges only a single spam email was sent. Moreover, given the conclusory nature of his class allegation, Plaintiff may not at this juncture rely on the putative class size to support his claim of aggregate damages.

United States District Court
Northern District of California

Defendant's motion to dismiss is **GRANTED**.  Plaintiff's complaint is dismissed in its entirety.  It appears amendment would be futile given that Plaintiff himself alleges that Defendant's principal place of business is in California.  Dismissal is therefore with prejudice. The Clerk of Court is directed to close this case.

          **IT IS SO ORDERED**.

Dated: 7/29/2026

EDWARD M. CHEN
United States District Judge